UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| MY SNP, LLC D/B/A AMERICAS BEST VALUE INN, §§§§§<br><br>Plaintiff, §<br><br>v. §§<br><br>BERKLEY ASSURANCE COMPANY, § AND ELIZABETH ORTIZ §§<br><br>Defendants. §§ | Civil Action No. DR-17-CV-35 |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Defendants Berkley Assurance Company ("Berkley"), and Elizabeth Ortiz file this Notice of Removal pursuant to 28 U.S.C. § 1446(a) on the basis this Court has jurisdiction of the removal action pursuant to 28 U.S.C. § 1332 and in support respectfully show the following:

**I.   Facts Supporting Grounds for Removal**

This is first-party insurance action brought that arises out of alleged damage to the property of Plaintiff My SNP, LLC d/b/a America's Best Value Inn ("SNP"). Berkley issued commercial property policy number VUMB0111500 to "My SNP, LLC dba America's Best Value Inn," effective March 30, 2016 to March 30, 2017. According to SNP's Original Petition, a storm occurred in April 2016 and caused damage to Plaintiff's property. *See* P.'s Original Pet. 4, attached as Exhibit 2. SNP reported the claim to Berkley on November 18, 2016, and Berkley assigned the claim to Paul R. White & Company to assist with the adjusting, who, in turn, assigned the claim to Ortiz. Ortiz promptly began investigating the claim. Based on a full investigation of the property and alleged damage, Berkley advised SNP that no coverage would be afforded because the damage

to the property was not related to any wind or hail occurring during the policy period. SNP filed suit on May 8, 2017, bringing causes of action for breach of contract, violations of the Texas Insurance Code and DTPA, unfair insurance practices, and breach of the common law duty of good faith and fair dealing against Berkley and Ortiz. *See generally* Pet.

## II.     Removal is Timely

SNP filed its Original Petition, styled *My SNP, LLC D/BA Americas Best Value Inn v. Berkley Assurance Company and Elizabeth Ortiz,* No. 2017-05-31686-CV, in the 38th Judicial District Court of Uvalde County, Texas, on May 08, 2017. *See generally* Pet. Berkley was served via certified mail sent to the Commissioner of Insurance on May 11th, 2017.[1] Ortiz was served via certified mail sent on May 9, 2017.[2] Defendants jointly file this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely.

## III.    Diversity of Citizenship

Removal is proper under 28 U.S.C. § 1332(a)(1) because there is currently complete diversity of citizenship among Plaintiff and all properly joined Defendants.

For purposes of diversity of citizenship, SNP is a citizen of the State of Texas, being a limited liability company whose members are all natural persons domiciled in Texas. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that for diversity purposes, the citizenship of a limited liability company is determined by the citizenship each member); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

Berkley is a citizen of the states of Iowa and Arizona, being a corporation formed under the laws of Iowa with its principal place of business located at 7233 East Butherus Drive,

---

[1] *See* Ex. 6.
[2] *See* Ex. 7.

Scottsdale, Arizona 85260. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place of business). Berkley is not a citizen of Texas.

Ortiz is a citizen of the State of Texas, being a natural person who domiciles in Texas; however, Ortiz has been improperly joined to this action and therefore does not destroy complete diversity of the parties.

"Improper joinder is a limited exception to the forum-defendant rule and the requirement of complete diversity." *New Life Assembly of God of the City of Pampa v. Church Mutual Ins. Co.*, Civil Action No. 2:15-CV-00051-J, 2015 WL 2234890 at *3 (N.D. Tex. May 12, 2015) (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Improper joinder exists when (1) there is actual fraud in the pleading of jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Patel v. Acceptance Indem. Ins. Co.*, No. 4:15-CV-944-A, 2016 WL 361680, at *1 (N.D. Tex. Jan. 28, 2016). Removal is proper when an insured-plaintiff's pleading fails to allege facts that would plausibly lead to the conclusion that the insured-plaintiff suffered damage due to a non-diverse adjuster's conduct (bearing in mind that ultimately the defendant-insurer, not the in-state adjuster, would have made the decision as to whether to pay, and what to pay, the insured-plaintiff). *See Patel*, 2016 WL 361680, at *4; *see also Plascencia v. State Farm Lloyds*¸ Civ. Action No. 4:14-CV-00524-A, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); *SYP-Empire L.C. v. Travelers Cas. Ins. Co. of America*, Civ. Action No. 4:15-CV-213-A, 2015 WL 2234912 at *2).

That is the case here, as the Petition fails to allege facts which would permit SNP to recover from Ortiz under Texas law.

As in numerous other cases involving insurance disputes, Ortiz was joined as a defendant in this action to avoid removal to federal court. *See Davis v. Metro. Lloyds Ins. Co. of Texas*, 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015). In the Petition, SNP contends that Berkley failed to pay the full amounts owed under the policies for the insurance claim. Even though SNP investigated the claim on Berkley's behalf, it was Berkley who made the final coverage determinations, and it was Berkley who decided whether and how much to pay on the claim. *See Plascencia*, 2014 U.S. Dist. LEXIS 135081, at **18-19 ("Another badge of improper joinder that has been noted is the absence of any plausible reason for suing the Texas citizen other than to defeat diversity.") While the Petition broadly alleges that Ortiz violated the Texas Insurance Code, SNP generically lumps Berkley and Ortiz together in making these allegations, failing to delineate who purportedly committed each alleged act of wrongdoing. SNP allegations against Ortiz consist merely of labels, conclusions and formulaic recitations of the elements of causes of action. As such, the SNP's allegations are insufficient to establish a cause of action against Ortiz. *See, e.g., Int'l Energy Ventures*, 818 F.3d at 199; *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999). Despite the Petition's boilerplate allegations against Ortiz, SNP's true complaint is that Berkley failed to pay more under the policies. Accordingly, SNP's claims against Ortiz are intended solely to deprive this Court of jurisdiction, and Ortiz citizenship should be disregarded in determining the Court's jurisdiction. Moreover, for the same reasons, all claims against Ortiz should be dismissed.

Based on the foregoing, the parties are completely diverse within the meaning of 28 U.S.C. §1332.

### IV.   Venue is Proper

Venue is proper in the United States District Court for the Western District of Texas, Del Rio Division under sections 124(d)(2) and 1446(a) of Title 28 of the United States Code, in that the Western District of Texas, Del Rio Division encompasses Uvalde County, Texas and is "the district and division embracing the place where such action is pending."

### V.   Amount in Controversy

Plaintiff states that it seeks monetary relief "over $200,000 but not more than $1,000,000 at this time." Pet. 1. Therefore, the amount in controversy exceeds the $75,000 threshold required to invoke this Court's jurisdiction. 28 U.S.C. § 1332(a); *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

### VI.   The Removal is Procedurally Correct

Pursuant to 28 U.S.C. § 1446(a), the Plaintiff's Original Petition is included in the index and attached hereto as Exhibit 2. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed in Uvalde County, Texas as of this date, and a copy of the state court's docket sheet, are attached hereto as Exhibits 1 through 8, and an Index of Documents is attached hereto as Exhibit 9 and filed with this Notice of Removal.

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing will be given to Plaintiff, the adverse party. Pursuant to 28 U.S.C. § 1446(d), promptly after Berkley files this Notice of Removal, a true copy will be filed with the Clerk of the Erath County District Court, the state court from which this action was removed.

## VII. Relief Requested

This notice was filed timely. The amount in controversy exceeds $75,000. Complete diversity of citizenship exists as to Plaintiff and properly joined Defendants. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, the action is properly removed pursuant to 28 U.S.C. § 1441.

Defendants respectfully request that the United States District Court for the Western District of Texas, Del Rio Division, file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

*/s/ Matthew Rigney*
Stephen A. Melendi
SBN 24041468
stephenm@tbmmlaw.com
Matthew Rigney
SBN 24068636
mattr@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 12th day of June, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to the following counsel of record.

William N. Allan, IV
ALLAN, NAVA, GLANDER & HOLLAND, PLLC
13409 NW Military, Suite 300
San Antonio, Texas 78231
Phone: (210) 305-4220
Fax: (210) 305-4219

               */s/ Matthew Rigney*
               Matthew Rigney